**AFFIDAVIT OF LUKE HITT**
**IN SUPPORT OF COMPLAINT**
**AND APPLICATION FOR ARREST WARRANT**

I, Special Agent Luke Hitt, being duly sworn, hereby depose and state that the following is true to the best of my information, knowledge and belief:

## INTRODUCTION AND AGENT BACKROUND

1. I am a Special Agent of the Bureau of Alcohol, Tobacco, Firearms & Explosives and have been for approximately 10 years. As part of my duties, I investigate criminal violations relating to the violation of federal firearms laws. I have received training and instruction in the field of investigations of violations of federal laws, specifically laws as defined in Title 18, Section 922 of United States Code.

2. The information contained within the affidavit is based on my training and experience, as well as information imparted to me by other law enforcement officers involved in this investigation.

## INVESTIGATION

1. In May 2019, I received information from a confidential informant (CI).  The CI told me that an individual named Michael COURTNEY, a/k/a "Pinky," was selling firearms.  COURTNEY further told the CI that he knew someone in Fort Collins who was making the firearms in his home.

2. The CI has provided information to various law enforcement agencies since 2006.  The CI has always provided accurate and verifiable information.  The CI is providing information for monetary consideration.

3. I reviewed a computerized criminal history record for COURTNEY and determined that he has multiple prior felony convictions.

4. On June 10, 2019, I participated in an operation to have the CI purchase three firearms from the source in Fort Collins.  The CI had been told by COURTNEY that the firearms source had three AR-15 firearms for sale.  The CI picked up COURTNEY in Loveland, Colorado.  COURTNEY then provided the CI with directions to drive to the house where COURTNEY believed the firearms would be.

5. All conversations between the CI, COURTNEY, and the firearm supplier were via cellphone; either text message, messaging applications, or phone calls.

6. The CI and COURTNEY traveled to the residence located at 3006 West Olive Street, Fort Collins, Colorado.  COURTNEY told the CI that this residence was where they could purchase the aforementioned firearms.  The person who was selling the firearms was not home at that time.  COURTNEY told the CI that he would purchase the firearms that evening and sell them to the CI the following day.

7.  On June 11, 2019, ATF and Longmont PD conducted another operation to purchase the aforementioned firearms.  The CI met with COURTNEY at COURTNEY's residence at the Jade Inn, 3300 West Eisenhower Boulevard, Loveland, Colorado.  COURTNEY told the CI that he had purchased the 3 AR-15-type firearms the prior evening as they had discussed.  COURTNEY then sold the three firearms to the CI.  One of the firearms was loaded with 14 rounds of .223 caliber ammunition.

8.  On June 13, 2019, COURTNEY told the CI that the same firearm supplier had three .308 caliber rifles for sale.

9.  On June 14, 2019, ATF and Longmont PD conducted an operation to purchase the aforementioned .308 caliber rifles.  The CI met with COURTNEY at his residence. COURTNEY said that he had purchased one of the .308 caliber rifles and showed it to the CI.  The rifle was loaded with 10 rounds of .308 caliber ammunition.

10. The CI and COURTNEY then traveled to 3006 West Olive Street, Fort Collins, Colorado.  COURTNEY introduced the CI to the firearm supplier, later identified as Collin KOPITZKE.  KOPITZKE showed the CI the other two .308 caliber rifles. KOPITZKE also showed the CI numerous other firearms.

11. KOPITZKE told the CI that if the CI wanted to purchase additional firearms, KOPITZKE could make anything that the CI wanted.  The CI saw multiple firearms and firearms parts in a shed in the backyard of the property as well.  KOPITZKE then sold the CI the two .308 caliber rifles.

12. While at the residence, KOPITZKE produced what the CI believed to be methamphetamine.  The CI watched while KOPITZKE and COURTNEY smoked the suspected methamphetamine.

13. The CI and COURTNEY then left the location and returned to COURTNEY's residence. COURTNEY then sold the third .308 caliber rifle and the 10 rounds of ammunition to the CI.

14. I utilized law enforcement databases and determine that the residence is owned by KOPITZKE.

15. ATF Industry Operations Investigator (IOI) Matt Deasaro queried ATF databases to determine if COURTNEY or KOPITZKE have federal firearms licenses (FFLs) that would allow them to engage in the business of manufacturing or distributing firearms. Neither individual possesses an FFL.  In addition, there are no FFLs registered at KOPITZKE's residence or COURTNEY's residence.

_s/ Luke Hitt_
Luke Hitt
Special Agent, ATF

Sworn to before me this _27th_ day of _____June_____, 2019.

_____
United States Magistrate Judge

**Affidavit reviewed and submitted by Rajiv Mohan, Assistant United States Attorney.**